UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER H. BUNNELL, )<br>)<br>Pro se Plaintiff, )<br>)<br>v. )<br>)<br>MAYOR ANTHONY A. WILLIAMS, )<br>et al. )<br>)<br>)<br>Defendants. )<br>_____) | Case No. 06CV1578 (HHK) |

**FEDERAL DEFENDANTS' MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), defendants, through counsel, move this Court for an Order dismissing this case pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.[1]

*Pro se* plaintiff is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. See Fox v. Strickland, 837 F.3d 507, 509 (D.C. Cir. 1988). In support of this Motion, defendants hereby incorporate the Memorandum of Points and Authorities filed together with this Motion.

---

[1] Any individually named defendants appear in their official capacities only. They have not been served personally, so do not appear to be a party in their personal capacity at this time, and defendants should be deemed to preserve all defenses available to them, including insufficiency of service of process and immunity from suit.

March 12, 2007                                        Respectfully submitted,


               /s/
JEFFREY A. TAYLOR, D.C. Bar #498122
United States Attorney


               /s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


               /s/
KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-0338
(202) 514-8780 (facsimile)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PETER H. BUNNELL, ) | |
| ) | |
| <u>Pro</u> <u>se</u> Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06CV1578 (HHK) |
| ) | |
| MAYOR ANTHONY A. WILLIAMS ) | |
| <u>et</u> <u>al.</u> ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**FEDERAL DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff files the instant Complaint seeking money damages for an alleged assault which occurred during a traffic stop. Plaintiff's effort is fatally flawed – he has not presented his tort claim to the United States Park Police ("USPP"), as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).

**FACTUAL BACKGROUND**

On September 10, 2004, Officer Walter Duran of the United States Park Police, conducted a traffic stop on a vehicle that plaintiff was driving. <u>See</u> Complaint at 1. On January 3, 2007, plaintiff filed a complaint alleging that Officer Duran "stole [his] Social Security Number at gunpoint." <u>See</u> <u>id.</u> Plaintiff further alleges that he was "abused, interogated, [sic] mistreated and spent one night in custody because of their gross malfeasance." <u>See</u> <u>id</u>. at 2. Plaintiff's complaint should be dismissed with prejudice because he has not filed an administrative tort claim pursuant to the Federal Claims Tort Act, thus this Court lacks jurisdiction.

**ARGUMENT**[1]

**I.     Legal Standards**

Defendants move for dismissal under Rule 12(b)(1), as the Court lacks jurisdiction over the subject matter, and 12(b)(6) for failure to state a claim. "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); see also Vanover v. Hantman, 77 F. Supp.2d 91, 98 (D.D.C. 1999), aff'd 38 Fed. Appx. 4 (D.C. Cir. 2002). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S. Ct. 35 (2004). In addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1),

---

[1] Any individually named defendants appear in their official capacities only. They have not been served personally, so do not appear to be a party in their personal capacity at this time, and defendants should be deemed to preserve all defenses available to them, including insufficiency of service of process and immunity from suit. Even assuming United States Park Police Officer Walter Duran and Chief Dwight E. Pettiford had been properly served, it is clear that they would be entitled to qualified immunity from suit for personal damages because plaintiff does not allege that their conduct violated a clearly established statutory or constitutional right. See Saucier v. Katz, 533 U.S. 134 (2001); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). See Siegert v. Gilley, 111 S. Ct. 1789 (1991); Davis v. Scherer, 468 U.S. 183, 197 (1984). To the extent that plaintiff's suit is based upon Chief Pettiford's general responsibilities of supervision, he fails to point to any specific personal involvement or participation in an alleged constitutional violation; therefore, this Defendant should not be held accountable for any alleged infringement of plaintiff's constitutional rights when he had nothing to do with the actions about which plaintiff complains. See, e.g., Risley v. Hawk, 108 F.3d 1396 (D.C. Cir. 1997) (explaining that absent allegations of personal involvement, claims against federal officials are based on respondeat superior, and are not cognizable in a Bivens action); Haynesworth v. Miller, 820 F.2d 1245, 1259 (D.C. Cir. 1987) (noting that fellow government employees cannot be held liable under the theory of respondeat superior for either constitutional or common law torts).

the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp.2d at 81; Vanover, 77 F. Supp.2d at 98.

Furthermore, a motion to dismiss brought pursuant to Rule 12(b)(6) should be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports his claim entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).

**II.     The United States Shall Be Substituted As Defendant In This Action**

In this case, plaintiff filed suit against USPP Officer Duran and Chief Pettiford alleging a tort arising from Officer Duran's actions taken as a United States Park Police Officer. See Complaint. When a federal employee is sued for a wrongful or negligent act, the United States Attorney General, or by designation the United States Attorney in the district where the claim is brought (or his designee), may certify that the employee was acting at the time within the scope of his employment. See 28 U.S.C. § 2679(d)(1). Specifically, this statute provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1) (emphasis added). In short, where the Attorney General's designee has filed a certification that the original defendant was acting within the scope of his employment, such certification has the following two effects: (1) it requires the substitution of the United States for the federal employee as the defendant in the lawsuit; and (2) it converts the lawsuit into an action against the United States under the FTCA. See 28 U.S.C. §§ 1346(b), 2671 et seq.; see

also Haddon v. United States, 68 F.3d 1420, 1423 (D.C. Cir. 1995); Vanover, 77 F. Supp.2d at 97.[2]

Included with this Motion to Dismiss is the Certification of Rudolph Contreras, Civil Chief, United States Attorneys Office for the District of Columbia, certifying that defendants USPP Officer Duran and Chief Pettiford were acting within the scope of their authority as employees of the United States at the time of the alleged incident. See Exhibit 1 (attached hereto). Accordingly, the suit becomes one against the United States under the FTCA. See Haddon, 68 F.3d at 1423; Gustave-Schmidt v. Chao, 226 F. Supp.2d 191, 200 (D.D.C. 2002).

**III.  This Court Lacks Subject Matter Jurisdiction To Hear This Action**

The doctrine of sovereign immunity bars all suits against the United States except where such immunity is expressly waived by Congress. See United States v. Testan, 424 U.S. 392, 399 (1976). The sovereign immunity of the United States protects it and its agencies from suit absent an express waiver. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994); United States v. Nordic Village, 503 U.S. 30, 33-34 (1992) (waivers must be "unequivocally expressed"); United States v. Mitchell, 445 U.S. 535, 538 (1980); Information Sys. & Networks Corp. v. United States Department of Health & Human Servs., 970 F. Supp. 1, 3 (D.D.C. 1997) ("Defendants, as federal agencies, are immune from suit unless the government has expressly waived that immunity.") (citation omitted).

Sovereign immunity is jurisdictional. As the Supreme Court has recognized, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain

---

[2] A plaintiff may seek judicial review of a scope of employment certification under the Westfall Act. See Gutierrez de Martinez v. Lamagno, 505 U.S. 417, 434 (1995); Stokes v. Cross, 327 F.3d 1210, 1213 (D.C. Cir. 2003).

the suit." <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941); <u>see also</u> <u>Alexander v. Americans United, Inc.</u>, 416 U.S. 752, 767 n.5 (1974) (Blackmun, J., dissenting).  When a plaintiff seeks monetary relief for torts against the United States or a department of the United States, the only possible basis for relief is under the FTCA.  The FTCA authorizes district courts to hear suits against the United States

> for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b); <u>see also</u> <u>Cope v. Scott</u>, 45 F.3d 445, 447 (D.C. Cir. 1995).

The FTCA mandates that "[a] tort claim against the United States shall be forever barred unless it is <u>presented in writing to the appropriate Federal agency</u> within two years after such claim accrues or unless action is begun within six months after the date of mailing by certified or registered mail of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b) (emphasis added); <u>Kubrick v. United States</u>, 444 U.S. 111, 117-18 (1979) (noting that Courts are not to extend this waiver of sovereign immunity beyond what Congress intended).  Although phrased in the disjunctive, "this statute requires a claimant to file an administrative claim within two years [of accrual] and file suit within six months of its denial." <u>Houston v. United States Postal Serv.</u>, 823 F.2d 896, 902 (5th Cir. 1987) (emphasis in original) (citing numerous cases). <u>See also</u> <u>Willis v. United States</u>, 719 F.2d 608, 612 (2d Cir. 1983); <u>Schuler v. United States</u>, 628 F.2d 199, 201 (D.C. Cir. 1980).

The FTCA required that plaintiff file an administrative claim with the United States Park Police or the Department of the Interior prior to instituting this action.  28 U.S.C. § 2401(b).

Plaintiff has not done so. See Exhibit 2 (Declaration of Perri S. Rothemich) ("Rothemich Decl.") (attached hereto) at ¶ 4. In addition, more than two years has passed since the date plaintiff's alleged claim arose (September 10, 2004); therefore, he is statutorily barred from filing an administrative claim. Accordingly, he has failed to exhaust his administrative remedies and this action should be dismissed for lack of subject matter jurisdiction. Kubrick, 444 U.S. at 117-18.

## CONCLUSION

As plaintiff has filed a common law claim against a Federal employee acting within the scope of his employment, based on the certification, this Court should substitute the United States as the sole defendant herein. Additionally, because plaintiff has not filed his tort claim with the United States Park Police or the Department of the Interior, as required by the FTCA, his claim is barred and this Court should dismiss the claim for lack of subject matter jurisdiction.

March 12, 2007                                      Respectfully submitted,

                                                           /s/
JEFFREY A. TAYLOR, D.C. Bar #498122
United States Attorney

                                                           /s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

                                                           /s/
KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-0338
(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of March, 2007, I caused the foregoing Motion to Dismiss for Lack of Subject Matter Jurisdiction to be served by first-class mail, postage prepaid, on:

Peter H. Bunnell
1400 12th Street, N #34
Arlington, VA 22209
Pro se Plaintiff

                                                         /s/
KAREN L. MELNIK, D..C. Bar # 436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-0338
(202) 514-8780 (facsimile)