# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER HALL BUNNELL,       ) | |
|           ) | |
|   Plaintiff,     ) | |
|           ) | Civil Action No. 06-1578 |
| v.                         ) | Judge Henry Kennedy |
|           ) | |
| MAYOR ANTHONY WILLIAMS     ) | |
| and                        ) | |
| OFFICER WALTER DURAN,      ) | |
|           ) | |
|   Defendants.    ) | |

## DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant District of Columbia [1] hereby moves, by and through undersigned counsel and pursuant to Fed. Ct. Civ. R. 12(b)(6), for an order dismissing plaintiff's Amended Complaint. As grounds therefore, the defendant states as follows:

1.) Anthony Williams, former Mayor of the District of Columbia, nor Robert Spagnoletti, former Attorney General for the District of Columbia, are currently in their former positions with the District of Columbia government. Plaintiff's lawsuit as against these defendants may not be maintained as they have been sued in their official capacity only, and the District of Columbia is the proper party defendant.

2) Plaintiff failed to properly served these defendants, and has not properly served the District of Columbia.

---

[1] Plaintiff has sued former Mayor Anthony Williams and Robert Spagnoletti, former Attorney General for the District of Columbia in their official capacity. Official-capacity lawsuits are in actuality a suit against the District. Therefore, the District herein moves for dismissal of this court action.

3) Plaintiff's allegations do not meet the requirements of Fed. Ct. Civ. R 8(a), and therefore must be dismissed.

4) Plaintiff has failed to state a viable claim of municipal liability against the District of Columbia. The District may not be held liable for the alleged constitutional torts of employees of the United States government..

A Memorandum of Points and Authorities in support of this Motion, along with a proposed Order, is attached hereto.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

__/s/ Patricia Jones_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

___/s/ Leah Taylor_____
LEAH BROWNLEE TAYLOR [488966]
Assistant Attorney General, D.C.
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-7854 (202) 727-6295

CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 3rd day of April, 2007, that a copy of the foregoing Motion to Dismiss and Memorandum of Supporting Points and Authorities was mailed postage prepaid to:

Mr. Peter Hall Bunnell
1400 N. 12th St., #34
Arlington, VA 22209


                        ___/s/ Leah Taylor_____
                        Leah Brownlee Taylor
                        Assistant Attorney General

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PETER HALL BUNNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-1578 |
| v. ) | Judge Henry Kennedy |
| ) | |
| MAYOR ANTHONY WILLIAMS ) | |
| and ) | |
| OFFICER WALTER DURAN, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

DEFENDANT DISTRICT OF COLUMBIA'S
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

In support of its Motion to Dismiss plaintiff's Complaint, the District states as follows:

Preliminary Statement

Plaintiff avers that on September 10, 2004, Officer Walter Duran of the US Park Police refused to recognize his valid Virginia Driver's license and that he stole his social security number at gunpoint. *See Complaint generally*. Plaintiff also alleges that according to DCDMV, he holds no valid motor vehicle operator's permit. *See Complaint generally*. Plaintiff claims that he was abused and "because of their gross malfeasance", he spent one night in custody. *See Complaint, generally*.

Plaintiff has filed suit against Mayor Anthony Williams, Robert Spagnoletti, and others for the alleged misconduct. *See Complaint, generally*. Mayor Anthony Williams officially left office as the Mayor on or about January 2, 2007. Robert Spagnoletti officially

left his position in October 2006. For the foregoing reasons, plaintiff's lawsuit against the District, as the proper party defendant, must be dismissed.

## Standard for Motion to Dismiss

Dismissal pursuant to Fed. P. Civ. R. 12(b)(6) is appropriate when a moving party has failed to set forth a claim for which he/she is entitled to relief. *See Conley v. Gibson,* 355 U.S. 41, 45-46 (1957) (holding compliant should be dismissed pursuant to Fed. Civ. R. 12 "unless it appears beyond doubt that the plaintiff can prove a set of facts in support of his claim which would entitle him to relief.") The purpose of a Rule 12 (b)(6) motion is to test the formal sufficiency of a statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case. *See Frasier v. Gottifried*, 636 A.2d 430, 432 (D.C. 1994).

A.  <u>The Lawsuit Against Defendants Williams and Robert Spagnoletti is an Official-capacity Suit. Therefore, the District is the Proper Party Defendant.</u>

Plaintiff has sued defendants Mayor Anthony Williams and Robert Spagnoletti in their official-capacity only. See Complaint, generally. There are no allegations in the Complaint that reflect that either defendant had any personal knowledge of and/or involvement in the subject allegations. *See Complaint generally.* The U.S. Supreme Court has ruled upon the issue of official-capacity suits. They have held that,

> Official-capacity suits..."generally represent only another way of pleading an action against an entity of which an officer is an agent." [Citation omitted.] As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. [Citation omitted.] ...the real party in interest is the entity. Thus, ... a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

5

*Kentucky v. Graham*, 473 U.S. 159 (1985). Consequently, the District of Columbia is the proper party defendant, and the action against defendants Williams and Spagnoletti should be dismissed.

B.   Service Against the Defendants Was Improper and Mandates Dismissal.

Fed. P. Civil R. 4(e) provides that:

> "…service upon an individual from whom a waiver has not been obtained and filed, …   may be effected… by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of above with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

Rule 4(j ) provides that:

> Service shall be made upon the District of Columbia by delivering (pursuant to paragraph (c)(2) or mailing (pursuant to paragraph (c)(3) a copy of the summons and complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel of the District of Columbia (or designee.)….

On or about March 13, 2007, plaintiff filed returned affidavits of service against defendants Williams and Spagnoletti. See Docket Entry #4. The affidavits reflect that neither defendant were personally served. In fact, service was not made upon any authorized designees for these defendants, nor was the District of Columbia served pursuant to Rule 4(j). Because plaintiff has failed to comply with Rule 4, service has not been effected against any named defendant and dismissal is appropriate.

C. <u>Plaintiff's Complaint Does Not Comport with Fed. Ct. Civil Rule 8(a).</u>

Fed. Ct. Civil Procedure Rule 8(a) sets forth the following pleading requirements:

(a) Claims for relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or 3rd-party claim, shall contain (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends, unless the Court already has jurisdiction and the claims needs no new

> grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks . . . .

Fed. P. Civ. R. 8(a). Plaintiff's complaint fails to make any viable claims against Mayor Anthony Williams or Robert Spagnoletti that would entitle him to relief. Plaintiff fails to identify any acts of misconduct committed by any employees and/or agents of these defendants or the District of Columbia that would support a claim against them. *See Complaint generally*. Moreover, plaintiff fails identify the location of the alleged incident as within the jurisdictional boundaries of the District of Columbia, where he was detained, and/or held in custody. Moreover, plaintiff failed to identify who allegedly detained or "mistreated" him while in custody. The complaint therefore fails to set forth a claim of relief against the defendants as required by Fed. P. Civ. R. 8(a), and must be dismissed on that basis.

D.    Plaintiff Has Failed to Plead A Viable Claim of Municipal Liability.

Municipal liability under 42 U.S.C. 1983 is severely limited. The Supreme Court, in *Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658, 690 (1978), expressly restricted municipal liability to cases in which "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers." *See also City of Canton v. Harris*, 489 U.S. 378 (1989) (municipality may in restricted circumstances be held liable under § 1983 for constitutional violations where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact). See also, *Palmquist v. Village of Bensenville, et al.*, 111 F.3d 1332 (1997 ) (holding that before legal liability can attach to the municipality, it must be on notice of the deficiency,

7

and have a high degree of culpability). Plaintiff seeks to hold the District of Columbia, through the Mayor, liable for the alleged conduct of a U.S. Park police officer presumably under a theory of *respondeat superior* liability. See *Complaint, generally*. U.S. Park police officers are not District government employees; instead, they act under a federal grant of authority. See *Sadler v. D'Ambrosia,* 759 F.Supp. 4 (D.D.C.1990), holding U.S. Capitol police officer was acting under federal law, and not the laws of the District of Columbia. Moreover, the District of Columbia may not be held liable under *respondeat superior* for the intentional torts of its own employees, let alone employees of the United States government. See *Monell, supra.* Because plaintiff did not properly plead a claim for municipal liability against the District, dismissal is appropriate.

## Conclusion

Plaintiff's claims against the herein named defendants may not be maintained for the reasons set forth above.

WHEREFORE, the District seeks dismissal of the instant lawsuit with prejudice.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

__/s/ Patricia Jones_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

_/s/ Leah Taylor_____
LEAH BROWNLEE TAYLOR [488966]
Assistant Attorney General, D.C.
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-7854 (202) 727-6295

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| PETER HALL BUNNELL,        )<br>                              )<br>        Plaintiff,             )<br>                              )     Civil Action No.  05-0001164<br>     v.                       )     Judge Canan<br>                              )     Calendar 8<br>MAYOR ANTHONY WILLIAMS        )<br>and                           )<br>OFFICER WALTER DURAN,         )<br>                              )     Next Event:  Initial Scheduling<br>        Defendants.           )     Conference – 5/27/05<br>_____) | |

O R D E R

Upon consideration of District of Columbia's Motion to Dismiss, the response thereto, if any, and the record herein, it is by the Court this _____ day of _____, 2007,

ORDERED:    that the Motion is GRANTED for the reasons set forth in the motion; and it is

FURTHER ORDERED:    that plaintiff's Complaint be DISMISSED WITH PREJUDICE against Mayor Anthony Williams and Robert Spagnoletti in their official capacity, and the District of Columbia.

_____
JUDGE, Superior Court of the District of Columbia

cc:    Mr. Peter Hall Bunnell
       1400 N. 12th St., #34
       Arlington, VA 22209