UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER H. BUNNELL, )<br>)<br>Pro se Plaintiff, )<br>)<br>v. )<br>)<br>MAYOR ANTHONY A. WILLIAMS, )<br>et al. )<br>)<br>)<br>Defendants. )<br>_____) | Case No. 06CV1578 (HHK) |

**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**I.  INTRODUCTION**

In response to the Federal Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion to Dismiss"), plaintiff fails to provide any evidence or arguments to challenge the defenses raised.  In plaintiff's "Response in Opposition to Dispositive Motion," ("Response") he merely points out two typographical errors in the Federal Defendants' Certificate of Service and Entry of Appearance.  Beyond that, plaintiff admits that he has not filed an administrative claim pursuant to the Federal Tort Claims Act.  See Response at 1.  Plaintiff also admits that he has not effected personal service upon United States Park Police Officer Walter Duran.  See id.  Indeed, he simply asserts in a conclusory fashion, that "conditions for a Bivens Action were met."  See id.  To the extent that plaintiff continues to attempt to allege a Bivens[1] claim against United States Park Police Officer Walter Duran and Chief Dwight

---

[1] Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Pettiford, plaintiff fails to state a claim and, even if he did state a claim, plaintiff admits that he has failed to serve Defendants Duran and Pettiford in their individual capacity.

## II.  LEGAL STANDARDS

Defendants move for dismissal under Rule 12(b)(1), as the Court lacks jurisdiction over the subject matter, and 12(b)(6) for failure to state a claim.  "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor."  Thompson v. Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); see also Vanover v. Hantman, 77 F. Supp.2d 91, 98 (D.D.C. 1999), aff'd 38 Fed. Appx. 4 (D.C. Cir. 2002).  "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations."  Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S. Ct. 35 (2004).  In addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence."  Thompson, 120 F. Supp.2d at 81; Vanover, 77 F. Supp.2d at 98.

Furthermore, a motion to dismiss brought pursuant to Rule 12(b)(6) should be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports his claim entitling him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).

### III.  ARGUMENT[2]

The doctrine of sovereign immunity bars all suits against the United States except where such immunity is expressly waived by Congress.  See United States v. Testan, 424 U.S. 392, 399 (1976).  The sovereign immunity of the United States protects it and its agencies from suit absent an express waiver.  See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994); United States v. Nordic Village, 503 U.S. 30, 33-34 (1992) (waivers must be "unequivocally expressed"); United States v. Mitchell, 445 U.S. 535, 538 (1980); Information Sys. & Networks Corp. v. United States Department of Health & Human Servs., 970 F. Supp. 1, 3 (D.D.C. 1997) ("Defendants, as federal agencies, are immune from suit unless the government has expressly waived that immunity.") (citation omitted).

Sovereign immunity is jurisdictional.  As the Supreme Court has recognized, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain

---

[2] Any individually named defendants appear in their official capacities only.  They have not been served personally, so do not appear to be a party in their personal capacity at this time, and defendants should be deemed to preserve all defenses available to them, including insufficiency of service of process and immunity from suit.  Even assuming United States Park Police Officer Walter Duran and Chief Dwight E. Pettiford had been properly served, it is clear that they would be entitled to qualified immunity from suit for personal damages because plaintiff does not allege that their conduct violated a clearly established statutory or constitutional right.  See Saucier v. Katz, 533 U.S. 134 (2001); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  See Siegert v. Gilley, 111 S. Ct. 1789 (1991); Davis v. Scherer, 468 U.S. 183, 197 (1984).  To the extent that plaintiff's suit is based upon Chief Pettiford's general responsibilities of supervision, he fails to point to any specific personal involvement or participation in an alleged constitutional violation; therefore, this Defendant should not be held accountable for any alleged infringement of plaintiff's constitutional rights when he had nothing to do with the actions about which plaintiff complains.  See, e.g., Risley v. Hawk, 108 F.3d 1396 (D.C. Cir. 1997) (explaining that absent allegations of personal involvement, claims against federal officials are based on respondeat superior, and are not cognizable in a Bivens action); Haynesworth v. Miller, 820 F.2d 1245, 1259 (D.C. Cir. 1987) (noting that fellow government employees cannot be held liable under the theory of respondeat superior for either constitutional or common law torts).

the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941); see also Alexander v. Americans United, Inc., 416 U.S. 752, 767 n.5 (1974) (Blackmun, J., dissenting). When a plaintiff seeks monetary relief for torts against the United States or a department of the United States, the only possible basis for relief is under the FTCA. See 28 U.S.C. § 1346(b); see also Cope v. Scott, 45 F.3d 445, 447 (D.C. Cir. 1995).

The FTCA mandates that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing by certified or registered mail of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b) (emphasis added); Kubrick v. United States, 444 U.S. 111, 117-18 (1979) (noting that Courts are not to extend this waiver of sovereign immunity beyond what Congress intended). Although phrased in the disjunctive, "this statute requires a claimant to file an administrative claim within two years [of accrual] and file suit within six months of its denial." Houston v. United States Postal Serv., 823 F.2d 896, 902 (5th Cir. 1987) (emphasis in original) (citing numerous cases). See also Willis v. United States, 719 F.2d 608, 612 (2d Cir. 1983); Schuler v. United States, 628 F.2d 199, 201 (D.C. Cir. 1980).

The FTCA required that plaintiff file an administrative claim with the United States Park Police or the Department of the Interior prior to instituting this action. 28 U.S.C. § 2401(b). Plaintiff has not done so. See Exhibit 2 to Federal Defendants' Motion to Dismiss at ¶ 4; Response at 1. In addition, more than two years has passed since the date plaintiff's alleged claim arose (September 10, 2004); therefore, he is statutorily barred from filing an administrative claim. See Complaint. Accordingly, he has failed to exhaust his administrative remedies and

this action should be dismissed for lack of subject matter jurisdiction. <u>Kubrick</u>, 444 U.S. at 117-18.

## CONCLUSION

As plaintiff has filed a common law claim against a Federal employee acting within the scope of his employment, based on the certification, this Court should substitute the United States as the sole defendant herein. <u>See</u> Federal Defendants' Motion to Dismiss at 3-4 and Exhibit 1 attached thereto. Additionally, as plaintiff admits that he has not filed a tort claim with the United States Park Police or the Department of the Interior, as required by the FTCA, his claim is barred and this Court should dismiss the claim for lack of subject matter jurisdiction.

April 16, 2007                                            Respectfully submitted,


                                                                                    /s/
JEFFREY A. TAYLOR, D.C. Bar #498122
United States Attorney


                                                                                     /s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


                                                                                     /s/
KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-0338
(202) 514-8780 (facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of April, 2007, I caused the foregoing Reply in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction to be served by first-class mail, postage prepaid, on:

Peter H. Bunnell
1400 12th Street, N #34
Arlington, VA 22209
Pro se Plaintiff

/s/
KAREN L. MELNIK, D..C. Bar # 436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-0338
(202) 514-8780 (facsimile)