## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PETER H. BUNNELL,

                    Plaintiff,

        v.

MAYOR ANTHONY A. WILLIAMS,
et al.

                    Defendants.

Civil Action 06-01578  (HHK)

## MEMORANDUM OPINION

Peter H. Bunnell, proceeding *pro se*, brings this action naming as defendants several federal and District of Columbia officials and alleging misconduct on the part of a United States Park Police Officer who conducted a traffic stop of him on September 10, 2004.  Bunnell asserts that the Officer, Walter Duran,"stole [Bunnell's] Social Security Number at gunpoint," "abused, interogated [sic], [and] mistreated" him and caused him to "[spend] one night in custody because of [the defendants'] gross malfeasance."  Compl. ¶ 1.  In addition to other kinds of relief Bunnell seeks $25,000 in damages.

Before the court are defendants' motions to dismiss [#2 & #6].  The federal defendants contend that this action is time barred.  The District of Columbia defendants contend that they have nothing to do with the activity which gave rise to this suit and move to dismiss Bunnell's

claims on that basis.  Upon consideration of the motions, Bunnell's opposition to the federal

defendants' motion,[1] and the record of this case, the court concludes that the motions must be

granted.

**A.      Claims Against The Federal Defendants**

The federal defendants assert that this action is time barred.  The court agrees.

While Bunnell does not identify the causes of action he seeks to assert or the

jurisdictional basis for them, the federal defendants are reasonable in supposing that Bunnell's

claims against them are governed by the Federal Tort Claims Act ("FTCA"), 28 U.S.C.

§ 1346(b).  The FTCA authorizes district courts to hear suits against the United States arising out

of the tortious acts of its employees.  *Id.* § 2679.[2]  When a federal employee is sued for wrongful

or negligent conduct, the Attorney General may certify that the employee "was acting within the

scope of his office or employment at the time of the incident out of which the claim arose."  *Id.*

§ 2679(d)(1).  When a certification is made, the United States is substituted as the defendant and

the employee is dismissed from the action.  *Id.*  Here the Attorney General's designee Rudolph

Contreras, Civil Chief in the United States Attorney's Office for the District of Columbia,

---

[1] Plaintiff filed a timely response to the federal defendants' motion to dismiss, but failed to respond to the District of Columbia defendants' motion.

[2] Sovereign immunity bars all suits against the United States unless it is expressly waived by Congress.  *United States v. Idaho*, 508 U.S. 1, 6 (1993) ("There is no doubt that waivers of federal sovereign immunity must be 'unequivocally expressed' in the statutory text.").

certifies that both Officer Duran and Chief Pettiford[3] were acting within the scope of their

employment at the time of the alleged incident.  Defs.' Ex. 1 (Cert. of Contreras).[4]   Accordingly,

the United States is substituted as the federal defendant in this action.

The FTCA provides, in pertinent part, that "a tort claim against the United States *shall be*

*forever barred unless it is presented in writing to the appropriate federal agency within two*

---

[3] Chief Pettiford is named in the complaint, but plaintiff fails to state any involvement by him in the alleged tortious conduct.

[4] Bunnell suggests that Officer Duran was not acting within the scope of his employment when he allegedly demanded Bunnell's Social Security Number at gunpoint.  Pl.'s Opp'n at 3 ("Intimidation and perscution [sic] cannot be policy."); Compl. ¶ 1.  Under the Westfall Act, 28 U.S.C. § 2679(d)(1), a plaintiff may seek judicial review of a scope-of-employment certification. *See Gutierrez de Martinez v. Lamagno*, 505 U.S. 417, 434 (1995) (interpreting the language of the Westfall Act as making certification "conclusive . . . for purposes of removal" only). Conduct is within the scope of employment for the purposes of the statute if the employee's actions were "of the same general nature as that authorized" or "incidental to the conduct authorized."  *Haddon v. United States*, 68 F.3d 1420, 1424 (D.C. Cir. 1995).  Acts that are incidental include those that are foreseeable, and "[t]o be foreseeable, the tort must be a 'direct outgrowth of the employee's instructions or job assignment.'"  *Id.* (quoting *Boykin v. District of Columbia*, 484 A.2d 560, 562 (D.C. 1984)).  An employee's acts are not direct outgrowths of her assigned duties if those duties merely provide an opportunity for the tortious conduct to occur. *Id.* at 563.

District of Columbia courts also look to the Restatement to determine which acts fall within that scope.  *Schecter v. Merchs. Home Delivery, Inc.*, 892 A.2d 415, 427–28 (D.C. 2006). The Restatement reads:

> Conduct of a servant is within the scope of employment, if but only if: (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master; and (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.

*Id.* (quoting Restatement (Second) of Agency § 228 (1958)).  Scope-of-employment determinations are generally questions of fact best left to juries.  *Boykin*, 484 A.2d at 562 (noting that whether an employee is acting "within the scope of his employment" is a question of fact for the jury, as a general rule).  However, "if there is not sufficient evidence from which a reasonable juror could conclude that the action was within the scope of his employment," it becomes a question of law.  *Id.*  Viewing all alleged facts in the light most favorable to Bunnell, the court concludes that nothing in his complaint indicates that Officer Duran was acting beyond the scope of his employment at the time of the alleged assault.

*years* after such claim accrues." 28 U.S.C. § 2401(b) (emphasis added). The purpose of the

requirement is "to provide authority to the heads of Federal agencies for administrative

settlement of tort claims against the United States." S. Rep. No. 89-1327, at 1 (1966). More

than two years have passed since September 10, 2004, and Bunnell has not presented his claim to

either the United States Park Police or the Department of Labor. Decl. of Rothemich (stating that

"as of March 7, 2007, neither the United States Park Police nor the Office of the Solicitor

received an administrative claim . . . from Mr. Bunnell for injuries allegedly sustained on

September 10, 2004"); Pl.'s Opp'n ¶ 4.[5] Consequently, insofar as this action asserts claims

against the United States, such claims must be dismissed because they were not first presented, as

required, to the appropriate federal agency.

**B.      Claims Against The District Of Columbia**

On April 4, 2007, the court ordered Bunnell to respond to the District of Columbia's

motion to dismiss by May 4, 2007, pursuant to LCvR 7(b), which provides that:

> [w]ithin 11 days of the date of service or at such other time as the Court may direct, an
> opposing party shall serve and file a memorandum of points and authorities in opposition
> to the motion. If such a memorandum is not filed within the prescribed time, the Court
> may treat the motion as conceded.

---

[5] "When a party challenges the allegations supporting subject-matter jurisdiction, the
court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing
to resolve disputed jurisdictional facts. In such instances, a court's reference to evidence outside
the pleadings does not convert the motion to dismiss to a Rule 56 motion for summary
judgment." *Jenkins v. Educ. Credit Mgmt. Corp.*, 2007 WL 18919, at *2 (10th Cir. Jan. 4, 2007)
(explaining that it is appropriate, particularly in the exhaustion context, for a district court to
consider evidence beyond the pleadings in resolving a challenge to subject-matter jurisdiction).

Because Bunnell has failed to serve and file an opposition to the District of Columbia's motion to dismiss, the court treats the motion as conceded and grants it.[6]

An appropriate order accompanies this memorandum.

Henry H. Kennedy, Jr.
United States District Judge

Dated: June 21, 2007

---

[6] The District of Columbia's motion to dismiss and the court's order for him to respond were sent by First Class mail to Bunnell's home address.